IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM M. JEFFERSON,  )<br>  )<br>        Plaintiff,  )<br>  )<br>vs.  )<br>  )   CIVIL NO. 04-512-JPG<br>WEXFORD HEALTHCARE SYSTEM,  )<br>DR. GARDNER, and BARBARA  )<br>RODRIGUEZ,  )<br>  )<br>        Defendants.  )<br>  ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a former inmate in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that Plaintiff's claims in the complaint may not be dismissed at this point in the litigation.

### FACTUAL ALLEGATIONS

Plaintiff states that he requested dental treatment while detained in the St. Clair County Jail. On February 19, 2004, he saw Defendant Gardner (a dentist), assisted by Defendant Rodriguez (a nurse). After examining Plaintiff, Defendant Gardner determined that one of Plaintiff's molars needed to be extracted immediately. Defendant Gardner injected Plaintiff with an anesthetic, Amppadarren, and began extracting the tooth. After a short time, Plaintiff began yelling because he was in pain and was feeling dizzy and nauseous. Despite Plaintiff's pleas to stop, Defendant Gardner continued extracting the tooth. Plaintiff attempted to get up out of the chair, but was forcibly pushed back into the chair by both Gardner and Rodriguez. Defendant Gardner continued to pull on the tooth and Plaintiff continued to protest. Eventually, Plaintiff lost consciousness. The tooth was not extracted. Plaintiff was taken to the emergency room of the Kenneth Hall Regional Hospital in East St. Louis where it was determined he had an allergic reaction to the anesthetic used to numb his mouth. Plaintiff was hospitalized for three days. He was given "Tylenol Four" to relieve the pain.

Plaintiff states that he filed a number of grievances with jail officials requesting treatment on the tooth because he was experiencing "pain, suffering, and discomfort." On June 5, 2004, he saw Defendant Gardner again. Defendant Gardner did not treat Plaintiff, but arranged for him to see an outside dentist about the tooth. Plaintiff saw this dentist on June 24, 2004, in East St. Louis, but the dentist refused to extract the tooth after he learned of Plaintiff's allergic reaction. On July

3, 2004, Plaintiff saw another dentist at the jail, but he or she did not extract the tooth. This dentist merely confirmed another upcoming appointment with an outside dentist. Plaintiff claims that because of the delay in treating the tooth, he unnecessarily suffered pain for months, in violation of his constitutional rights.

## LEGAL STANDARDS

A state pretrial detainee's constitutional right to adequate medical care while detained comes from the due process clause of the Fourteenth Amendment. *See Payne v. Churchich,* 161 F.3d 1030, 1040 (7th Cir. 1998). To show that he was deprived of his due process right, a plaintiff must show that a jail official acted with deliberate indifference to his objectively serious medical needs. *See Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). This standard contains both an objective and subjective component. First, the detainee must have an objectively serious injury. *Id.* To sufficiently allege the subjective component, a plaintiff must show that the official acted with a "sufficiently culpable state of mind," reflecting deliberate indifference to the detainee's health or safety. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

> Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins v. Correctional Med. Servs. of Ill., Inc.*, 178 F.3d. 508, 510 (7th Cir. 1999). Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994).

*Id.* Regarding the objective component, the Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001).

Based on these legal standards and Plaintiff's allegations, Plaintiff has sufficiently stated a deliberate indifference claim under the due process clause; Plaintiff may proceed on this claim.

### DEFENDANTS

However, a word about Defendants is in order. Plaintiff names Wexford Health Services as a defendant in the caption of the complaint, yet in his statement of facts, he makes specific allegations against only Defendants Gardner and Rodriguez. Plaintiff argues that Wexford Health Services is liable because it was under a duty to properly train its employees and ensure that Plaintiff received medical attention. Plaintiff further argues that Wexford Health Services was aware that he was being denied dental treatment but ignored the actions of defendant employees. Furthermore, Wexford Health Services knew of prior complaints against Defendant Gardner, but refused to investigate them, and they failed to properly supervise Defendant Gardner to ensure he complied with American Dental Association directives in treating Plaintiff. Unfortunately, none of these claims render Wexford Health Services liable. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Furthermore, a "'private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.' In general terms, to maintain a viable § 1983 action against a municipality or similar entity, a plaintiff must demonstrate that a constitutional deprivation occurred as the result of an express policy or custom of the government unit." *Jackson*, 300 F.3d at 766 (quoting *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir.1982)). Plaintiff has not made any allegations that his treatment resulted from "an express policy or custom" of Wexford Health Services. As such,

Plaintiff has not stated a claim against them; Wexford Health Services is therefore **DISMISSED** as a defendant from the action.

## DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Gardner and Rodriguez*. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Gardner and Rodriguez* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of St. Clair County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of

service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: August 23, 2006**

                                        **s/ J. Phil Gilbert**
                                        **U. S. District Judge**